# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JONATHAN HOPE**                                                                                 **PLAINTIFF**

V.                                          Case No. 4:20-cv-00380-LPR

**JODI GIVENS, Officer**                                                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

On April 6, 2020, Jonathan Hope ("Plaintiff"), then a detainee in the Dallas County Detention Center ("DCDC"), initiated this action by filing a *pro se* § 1983 Complaint. (*Doc. 1*). On April 8, 2020, the Court entered an Initial Order for *Pro Se* Prisoners which advised Plaintiff of his obligation to promptly notify the Clerk of any change in his address. (*Doc. 2*).  This Order also advised Plaintiff of his

1

general obligation to respond to any communication from the Court within thirty days and that his failure to do so could result in his claims being dismissed.

On December 30, 2020, Jodi Givens ("Defendant") filed a Notice advising the Court that: (1) her counsel had sent mail to Plaintiff at the DCDC; (2) Plaintiff was no longer a prisoner in the DCDC; and (3) the DCDC did not have a valid mailing address for Plaintiff. (*Doc. 15*).

On February 24, 2021, Defendant filed a Motion to Dismiss seeking to have Plaintiff's Complaint dismissed for his failure to comply with the Orders of this Court and for failure to prosecute. (*Doc. 17*).

On February 25, 2021, the Court entered an Order directing Plaintiff to advise the Court whether he intended to pursue this lawsuit and, if so, to provide a current mailing address and updated application to proceed *in forma pauperis*. (*Doc. 18*). The Court again warned Plaintiff that his failure to comply with that Order could result in his Complaint being dismissed without prejudice. (*Id.*). Plaintiff has not responded to the February 25, 2021 Order, and the time for doing so has expired.[1]

---

[1] The Court's Order was mailed to Plaintiff at his last known address, the DCDC, but was returned as undeliverable because he is no longer at that address. (Doc. 19). Under Local Rule 5.5(c)(2), it is Plaintiff's responsibility to promptly notify the Court of an address change. He has not done so, making it impossible for the Court to communicate with him.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion to Dismiss (*Doc. 17*) be GRANTED.

2. Plaintiff's Complaint be DISMISSED, without prejudice, pursuant to Local Rule 5.5(c)(2) and Rule 41(b) of the Federal Rules of Civil Procedure.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith.

Dated this 6th day of April, 2021.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE